UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Cynthia Ann Lyles, | ) | C/A 0:05-2914-MBS-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Melissa Grieder Cooper; | ) | |
| Herman Young; | ) | |
| Dunstan Padgett; | ) | |
| Eric Grill; | ) | |
| JeQuitta Kennedy Lynn; | ) | |
| Fairfield County; and | ) | |
| Fairfield County Sheriff's Office, | ) | |
| Defendants. | ) | |

The plaintiff, Cynthia Ann Lyles ("Plaintiff"), proceeding *pro se*, files this civil action. Plaintiff is proceeding without payment of fees, *in forma pauperis,* under 28 U.S.C. § 1915. The Complaint should be dismissed for failure to state a claim under § 1983 and lack of jurisdiction over state claims.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative

costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam).*  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### Discussion

Federal courts are courts of limited jurisdiction.  "A district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction but insisting on hearing those matters properly before it."  Woodward v. Newcourt

2

Commercial Finance Corp., 60 F. Supp. 2d 530, 531 (D.S.C. 1999).  Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction.  Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, Pinkley, Inc. v. Servacek, 528 U.S. 1155 (2000) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895)).  "Furthermore, it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority."  Davis . Pak, 856 F.2d 648, 650 (4th Cir. 1988).

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  Id. (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936)).  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends, . . . ."  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  Id.  (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

The complaint claims the Defendants Cooper and Young "verbally abused" and "harassed" the plaintiff.  The complaint also alleges Defendant Cooper "neglect[ed], harass[ed], slander[ed], discriminate[d] and misused the power of her badge to enforce the law." Amended Complaint at 1.  The complaint claims Defendant Padgett "refuse[d] to serve and protect" the plaintiff, and accuses Defendant Gill of "false investigation and negligence."  Id.  The complaint also claims negligence on the part of  Defendants Lynn,

3

Fairfield County and the Fairfield County Sheriff's Department. Complaint at 2. Plaintiff files

this action under 42 U.S.C. § 1983, and to assert a claim under § 1983, Plaintiff must allege

"deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

42 U.S.C. § 1983; *See also* West v. Atkins, 487 U.S. 42, 48 (1988) (to state a claim under

§ 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

of the United States); Kendall v. City of Chesapeake, 174 F.3d 437 (4th Cir. 1999) (same).

Plaintiff has not alleged the violation of any constitutional right, privilege or immunity, and

the facts alleged do not indicate the deprivation of a constitutional right. Verbal abuse and

negligence do not state a constitutional violation. *See* Collins v. Cundy, 603 F.2d 825, 827

(10th Cir. 1979)(threat); and Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986)

(negligence is not actionable under 42 U.S.C. § 1983). Similarly, slander and negligence

are state law claims that do not rise to the level of violation of the constitution. *see also,*

*e.g.,* Goodwin v. Kennedy, 552 S.E.2d 319 (S.C.App., 2001)(slander); and Andrade v.

Johnson, 588 S.E.2d 588, 592 (S.C. 2003) (negligence). Although "discrimination" and

"harassment" could be actionable in this court in certain circumstances, Plaintiff makes no

specific factual allegations that state a claim. *See* White v. White, 886 F.2d 721, 723 (4th

Cir. 1989) (dismissal where plaintiff's complaint "failed to contain any factual allegations

tending to support his bare assertion"). Plaintiff has failed to present an actionable claim

under 28 U.S.C. § 1983 upon which relief can be granted.

Plaintiff's allegations, at most, set forth causes of action based in state law. Plaintiff's

claims do not pose a federal question, so they cannot serve as the basis for federal

jurisdiction. Federal courts are allowed to hear and decide state-law claims only in

conjunction with federal-law claims, through the exercise of "supplemental jurisdiction."

4

Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 387 (1998).  Since Plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims.  See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

A civil action for Plaintiff's state claims would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied.  Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-791 (D.S.C. 1992), aff'd, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).  The Complaint implies all of the Defendants are citizens of the State of South Carolina, employed with the Fairfield County Sheriff's Department.  Accordingly, this Court has no diversity jurisdiction of this case because Plaintiff and Defendants are all citizens of the State of South Carolina, which defeats the required complete diversity of parties.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.

5

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

October 31, 2005
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**