IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cynthia Ann Lyles, ) | |
| ) | C/A No. 0:05-2914-MBS-JRM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| Melissa Grieder Cooper, ) | |
| Herman Young, Dunstan Padgett, ) | |
| Eric Grill; JeQuitta Kennedy Lynn, ) | |
| Fairfield County, and Fairfield County ) | |
| Sheriff's Office; ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Cynthia Ann Lyles brought this action pro se, alleging that Defendants Melissa Grieder Cooper, Herman Young, Dunstan Padgett, Eric Grill, JeQuitta Kennedy Lynn, Fairfield County and Fairfield County Sheriff's Office mistreated her in handling a dispute related to the payment of storage fees to a third party. She alleges that this conduct violates 28 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation. The Magistrate Judge filed a Report and Recommendation on October 31, 2005, in which he recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

On November 9, 2005, Plaintiff filed a response in which she further explained her allegations and noted that she believed that she was discriminated against because of "race, disability and sex." In addition, Plaintiff stated that she felt mistreated by the police because Officer Cooper allegedly said that she "was stupid, money hungry, and that [she] was nothing and that [she] look[ed] like nothing." Plaintiff described conduct that she viewed as being hurtful, but she did not file specific objections to the Report and Recommendation.

Although the Court is bound to liberally construe her pro se complaint, Plaintiff must do more than make mere conclusory statements to support her claims of discrimination. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995); see also, White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (upholding dismissal where plaintiff's complaint " failed to contain any factual allegations tending to support his bare assertion"). Without sufficient factual allegations that the conduct described in the complaint was based on unlawful discrimination, Plaintiff's complaint is subject to dismissal.

The court has reviewed the record thoroughly. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the case is dismissed without

prejudice and without issuance and service of process.

    IT IS SO ORDERED.

                                      /s/ Margaret B. Seymour
                                      United States District Judge

Columbia, South Carolina

December 8, 2005

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.